IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**KEVIN WAYNE BROWN,**

                **Plaintiff,**

     v.                                   CASE NO. 07-3103-SAC

**ANTONIO BOOKER, et al.,**

                **Defendants.**


**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner confined in the Johnson County Adult Detention Center in Olathe, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff claims his arrest and conviction for aggravated escape from a residential center was unlawful, and states sentencing in that criminal proceeding was scheduled for May 2, 2007. Plaintiff names various Johnson County officials as defendants, and alleges they were directly involved or responsible for his unlawful arrest and conviction. Plaintiff seeks to hold all defendants "liable" to prevent further unlawful misconduct.

Because plaintiff is challenging the legality of his confinement pursuant to a state court action, the court liberally construes this action as seeking a writ of habeas corpus.[1]  *See*

---

[1] Henceforth, plaintiff will be referred to as the "petitioner" in this action. All defendants named in the complaint are dismissed without prejudice, and the complaint is amended to name the Johnson County Sheriff as a respondent.

Preiser v. Rodriquez, 411 U.S. 475 (1973)(when a prisoner seeks to challenge the length or fact of his confinement, he must pursue his claim through a writ of habeas corpus).  Petitioner is granted leave to proceed in forma pauperis in this habeas action.[2]

However, full exhaustion of state court remedies is required before seeking such habeas corpus in federal court.  Rose v. Lundy, 455 U.S. 509 (1982).  *See also* Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  In the present case, it is evident on the face of the record that petitioner has not yet exhausted state court remedies on his claim that his confinement violates his constitutional rights.

The court thus directs petitioner to show cause why this action should not be dismissed without prejudice.  The failure to file a timely response may result in this action being dismissed for the reasons stated herein, and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that this action is liberally construed as a petition for habeas corpus relief under 28 U.S.C. § 2254, and that the complaint is amended by the court to name Kevin Wayne Brown as the petitioner, and to name the Johnson County Sheriff as a respondent.  All other parties named as defendants in the complaint are dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner is granted leave to

---

[2]Petitioner's motion for a court order regarding partial monthly payments of the $350.00 district court filing fee for a non-habeas civil action is denied as moot.  *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(Prison Litigation Reform Act does not encompass state habeas actions filed under 28 U.S.C. § 2254, or appeals therefrom).

2

proceed in forma pauperis in this habeas action, and that petitioner's motion for an order (Doc. 3) regarding payment of the district court filing fee is denied as moot.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why this habeas action should not be dismissed without prejudice, based upon petitioner's failure to exhaust state court remedies.

**IT IS SO ORDERED.**

DATED:  This 9th day of May 2007 at Topeka, Kansas.

                              s/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge