IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KEVIN WAYNE BROWN,

                         Plaintiff,

          v.                              CASE NO. 07-3103-SAC

ANTONIO BOOKER, et al.,

                         Defendants.



O R D E R

     Plaintiff initiated this action by filing a complaint under 42
U.S.C. § 1983 while confined in the Johnson County Adult Detention
Center in Olathe, Kansas.  Plaintiff also filed a motion for leave
to proceed in forma pauperis under 28 U.S.C. § 1915.

*Characterization of the Complaint*

     By an order entered on May 9, 2007, the court reviewed
plaintiff's allegations concerning plaintiff's arrest and resulting
conviction for aggravated escape from the Johnson County Community
Corrections Adult Residential Center ("Center"), and liberally
construed the action as one challenging the legality of plaintiff's
confinement.  Based on this reading, the court construed the
complaint as a petition for habeas corpus relief under 28 U.S.C. §
2254, amended the action to name the Johnson County Sheriff as a
respondent, granted plaintiff leave to proceed in forma pauperis in

the habeas action, and dismissed without prejudice all other defendants named in the complaint. The court also directed plaintiff to show cause why the case should not be dismissed without prejudice based upon plaintiff's failure to fully exhaust state court remedies.

In response, plaintiff filed a motion to amend the complaint to undo the court's characterization of his complaint, and insists he is seeking relief under 42 U.S.C. § 1983 for the alleged violation of his rights by Center staff. Plaintiff clarifies that he is not alleging error by the sheriff's department in his arrest or by the courts in his resulting conviction, and seeks reinstatement of his cause of action and of all defendants named in his complaint. The court finds merit in plaintiff's objections and grants this request.

Accordingly, the order entered on May 9, 2007, is vacated to restore this action to one filed under 42 U.S.C. § 1983 against all defendants named in the complaint, and to restore plaintiff's motion for leave to proceed in forma pauperis. The Johnson County Sheriff, named by the court as a habeas respondent, is dismissed from this civil rights action.

*Reinstated Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must now pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing

2

fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a prisoner, the court is required to screen the reinstated complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff alleges Center staff failed to follow Center policy of allowing residents up to four hours to return to the Center before causing them to be arrested for aggravated escape from the facility.  Plaintiff essentially contends this failure to follow established policy violated his right to due process, and seeks damages from Antonio Booker (Interim Adult Services Director),

---

[1] *See* Brown v. Dorneker, et al., Case No. 06-3245-CM (remainder of $350.00 district court filing fee).

Michael Rey (Deputy Director of Operations), Chris Stokes (Senior Correctional Advisor), Earl Taylor (Senior Case Manager), Deputy Campbell, the Johnson County Board of County Commissioners ("Board"), and the Center itself. Plaintiff also seeks injunctive relief to prevent further unlawful misconduct.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed for the following reasons.

<u>Individual Center Defendants</u>

Plaintiff states that when he tested positive on a breathalyzer test at the Center he left the facility to tell his mother who became upset, and he then walked around to calm down before returning to the Center. Plaintiff claims defendants Stokes and Booker were responsible for calling the Johnson County Sheriff's office to report an escape, and that defendant Taylor forwarded the Center's escape form to the Johnson County District Attorney without first checking whether to do so violated Center policy. Plaintiff further claims defendant Rey is responsible because he oversees Center operations.

However, to allege a valid claim under 42 U.S.C. § 1983 against any of these defendants, plaintiff must assert the denial of a right, privilege or immunity secured by *federal* law. *See* <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). The alleged violation of *Center*

4

policy alone is insufficient to state a claim of constitutional deprivation.    Absent a showing that any defendant violated plaintiff's rights under the United States Constitution or federal law, no cognizable claim for relief is stated against the defendants.

The court finds plaintiff's allegations make no such showing in this case.   Notwithstanding plaintiff's reliance on Center policy, plaintiff has no constitutionally protected interest in not being reported as an escapee from the Center for a four hour period, or to being given a house sanction instead of being arrested.   Even if Center policy was not followed as plaintiff contends, plaintiff was provided procedural review of his arrest and conviction which are not being contested, and which are presumed to be valid.

Deputy Sheriff

Plaintiff contends Johnson County Deputy Sheriff Campbell questioned plaintiff at the jail without first advising plaintiff of his constitutional rights.    No violation of plaintiff's constitutional rights arises from this allegation because plaintiff has no right to being advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to being questioned by a law enforcement officer.    Instead, the Miranda rules govern the admissibility of statements made during custodial interrogation, and protect a suspect's Fifth Amendment privilege against self incrimination by not allowing statements made by a suspect to be

5

introduced into evidence at the suspect's criminal trial unless the investigating officers effectively advised the suspect prior to interrogation of his constitutional rights.   Plaintiff's bare reference to the lack of <u>Miranda</u> warnings by the deputy sheriff are insufficient to state a cognizable claim under 42 U.S.C. § 1983. *See* <u>Chavez v. Martinez</u>, 538 U.S. 760, 772 (2003)(officer's failure to read <u>Miranda</u> warnings to suspect before questioning him did not violate suspect's constitutional rights, and thus could not be grounds for § 1983 action against the officer)(*citing in part* <u>Bennett v. Passic</u>, 545 F.2d 1260, 1263 (10th Cir. 1976)).

<u>Johnson County Board of Commissioners</u>

Municipal entities are only liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983." <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978).  Here, plaintiff's allegations fail to demonstrate any violation of his federal rights pursuant to a custom or policy of the Board, a showing required to state a claim for relief against this municipal defendant.   Instead, plaintiff complains of Center policy *not* being followed, and does not allege this was customary or pursuant to any policy attributable to the Board or Johnson County.

<u>Center as a Defendant</u>

6

The Center itself is subject to being summarily dismissed because it is a proper defendant that can sue or be sued. *See e.g.*, Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003)("county jails are not legal entities amendable to suit"); Marsden v. Federal Bureau of Prisons, 856 F.Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"). *See* State v. Kraft, 38 Kan.App.2d 215 (2007)(discussing the continuing custodial status of a person detained in Johnson County Community Corrections Residential Center program pursuant to court order); State v. Garrett, 25 Kan. 768 (1984)(under Kansas law a community corrections residential center is a detention facility).

*Show Cause Order*

For these reasons, the court directs plaintiff to show cause why the reopened complaint under 42 U.S.C. § 1983 should not be dismissed as stating no claim for relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to

---

[2]Plaintiff recently notified the court that he was unable to make copies of pleadings for service to the defendants, and asked for the court's assistance. This request is premature because no defendant has yet been served with summons in this case. The court will not order the preparation and service of process upon any defendant until the screening required by 28 U.S.C. § 1915A is completed.

state a claim on which relief may be granted").[3]  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's "motion to amend" (Doc. 7) is granted in that the order entered on May 9, 2007, is vacated, plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is reinstated, all defendants dismissed without prejudice in the May 9, 2007, order are reinstated, and this action shall proceed as filed under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that the Johnson County Sheriff, named by the court as a respondent, is dismissed as a party in this action.

IT IS FURTHER ORDERED that plaintiff's reinstated motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the full $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation is fully satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

---

[3]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

days to show cause why the reinstated complaint should not be dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 24th day of January 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge