IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KEVIN WAYNE BROWN,

                    Plaintiff,

        v.                                    CASE NO. 07-3103-SAC

ANTONIO BOOKER, et al.,

                    Defendants.


                         O R D E R

     Plaintiff proceeds pro se and in forma pauperis on a complaint
filed under 42 U.S.C. § 1983 while confined in the Johnson County
Adult Detention Center in Olathe, Kansas.

     Plaintiff alleges staff at the Johnson County Community
Corrections Adult Residential Center ("Center") denied him due
process by failing to follow Center policy of allowing residents up
to four hours to return to the Center before causing them to be
arrested for aggravated escape from the facility.  Plaintiff seeks
damages from various Center staff members, the Johnson County Board
of County Commissioners, and the Center itself.

     By an order dated January 24, 2008, the court directed
plaintiff to show cause why the complaint should not be dismissed as
stating no claim for relief under § 1983.  *See* 28 U.S.C. §
1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion
thereof, that may have been paid, the court shall dismiss the case
at any time if the court determines that...the action...fails to

state a claim on which relief may be granted").   As to the individual Center defendants, the court found that notwithstanding plaintiff's reliance on Center policy, plaintiff had no constitutionally protected interest in not being reported as an escapee from the Center for a four hour period, or to being given a house sanction instead of being arrested.[1]   Nor did the alleged violation of Center policy provide any factual or legal basis for a viable claim of municipal liability against Johnson County. Additionally, plaintiff's bare reference to the lack of <u>Miranda</u> warnings by a deputy sheriff named as a defendant was insufficient to state a cognizable claim under 42 U.S.C. § 1983, and the Center itself was not an entity subject to being sued.

In response,[2] plaintiff focuses on the alleged misconduct of individual Center staff members, and does not address why the remaining defendants should not be dismissed for the reasons identified by the court.   As to the individual Center defendants, plaintiff restates that his arrest for aggravated escape from the Center was unlawful because no violation of Center policy had occurred.   He also now broadly alleges it was unconstitutional

---

[1]Plaintiff nonetheless acknowledges that he tested positive for alcohol upon his return to the Center on December 24, 2006, and that he then walked out of the Center without permission with Center staff in pursuit.   Plaintiff states that shortly thereafter the police were called and he was arrested for violating the terms of his probation, namely testing positive for alcohol and failing to follow Center staff directives.   The Johnson County Sheriff's Office filed an aggravated escape report, and petitioner was convicted of that offense in Johnson County District Court Case No. 06-CR-3637.

[2]Plaintiff filed a pleading titled as a "Motion to Reinstate Claim" which the court liberally construes as plaintiff's response to the show cause order.

because his arrest resulted from defendant Stokes' call to the Sheriff's Office in retaliation for plaintiff's filing of administrative grievances and an earlier disciplinary action that was resolved in plaintiff's favor.[3]

However, plaintiff's allegations of retaliation in being reported as an escapee from the Center do not save the complaint from being summarily dismissed.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a prisoner seeking damages for "harm cause by actions whose unlawfulness would render a conviction or sentence invalid" must first prove the conviction or sentence has been overturned or otherwise invalidated.  Id. at 486-87.  This holding also applies to "proceedings that call into question the fact or duration of parole or probation."  Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(per curiam).  Because plaintiff's allegations of retaliation necessarily implicate the validity of his conviction and sentence[4] for aggravated escape from the Center, no cause of action for damages under 42 U.S.C. § 1983 arises until that conviction has been overturned.  Accordingly, plaintiff's attempt

---

[3]Plaintiff cites a history of trouble with defendant Stokes and Adam Jones (not named as a defendant), including their filing of a disciplinary report charging plaintiff with not performing a kitchen chore.  When plaintiff successfully defended against that charge, plaintiff states that Stokes was unhappy, told plaintiff to "watch out," and threatened to have plaintiff returned to jail.  Plaintiff then filed an administrative grievance on December 18, 2006, to complain about the rude and unprofessional behavior of Stokes and Jones.  On December 24, 2006, plaintiff was arrested for violating the terms of his probation, and charged with aggravated escape from the Center.

[4]Plaintiff's sentence involved his return to the custody of the Kansas Department of Corrections.

to seek damages on these allegations is barred until plaintiff first shows this conviction was overturned or otherwise invalidated. No such showing is evident on the face of the record in this case.

Thus for the reasons stated herein and in the show cause order entered on January 24, 2008, the court concludes the complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that plaintiff's pleading titled as a "Motion to Reinstate Claim" (Doc. 12) is liberally construed by the court as plaintiff's response to the show cause order entered on January 24, 2008.

IT IS FURTHER ORDERED that complaint is dismissed as stating no claim for relief, and that the dismissal is without prejudice to the extent plaintiff's claim for damages against any individual defendant is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

**IT IS SO ORDERED.**

DATED:  This 13th day of August 2008 at Topeka, Kansas.


                              s/ Sam A. Crow
                             SAM A. CROW
                             U.S. Senior District Judge